827 A.2d 1098 (2003)
362 N.J. Super. 245
Kathy COKUS, Plaintiff-Appellant,
v.
BRISTOL MYERS-SQUIBB COMPANY and Dr. Sam Barker, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 2003.
Decided July 10, 2003.
Before Judges BRAITHWAITE, LINTNER and PARKER.
PER CURIAM.
Plaintiff filed a complaint seeking compensable and punitive damages against her employer, defendants Bristol Myers-Squibb and Dr. Sam Barker, the President of Bristol Myers-Squibb's U.S. Pharmaceutical Group. Plaintiff alleged that defendants intentionally inflicted emotional distress and violated the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-l to -8, by causing her to suffer psychiatric problems, which ended her active employment with Bristol Myers-Squibb. Essentially, plaintiff asserted that she was retaliated against by her coworkers who ostracized her and gave her an unfavorable performance evaluation after learning that she had reported unethical conduct on the part of certain employees. Following extensive discovery, defendants moved for summary judgment on December 1, 2000. Oral argument on defendants' motion was heard on May 25, 2001.
On April 22, 2002, Judge Sapp-Peterson filed an opinion finding that none of plaintiff's coworkers' alleged retaliatory acts were "sufficiently severe or pervasive" to have altered plaintiff's conditions of employment in "an important and material manner." 362 N.J.Super. 366, 827 A.2d 1173, 2002 WL 32136233 (Law Div.2003). Judge Sapp-Peterson also found that there was no factual basis to support plaintiff's claim that Barker engaged in retaliatory conduct. She determined that plaintiff had effectively waived her emotional distress claim by filing her CEPA action pursuant to N.J.S.A. 34:19-8. She also determined that even if there was no effective waiver the alleged disputed actions on the part of the coworkers were not "so extreme and outrageous as to be actionable" to support a claim for intentional infliction of emotional distress. Lastly, Judge Sapp-Peterson found that there was no underlying wrongful conduct on defendants' part to support plaintiff's claim for punitive damages. On June 21, 2002, following oral argument, plaintiff's motion for reconsideration was denied.
*1099 Plaintiff appeals, raising the following points:
POINT I
THE TRIAL COURT IMPROPERLY FOUND THAT THE HOSTILE WORK ENVIRONMENT TO WHICH PLAINTIFF WAS SUBJECTED IN RETALIATION FOR BLOWING THE WHISTLE ON ILLEGAL SPENDING PRACTICES DID NOT CONSTITUTE" ADVERSE EMPLOYMENT ACTION" UNDER CEPA.
POINT II
CEPA ENVISIONS INDIVIDUAL LIABILITY AND PLAINTIFF HAS ESTABLISHED SUFFICIENT FACTS TO PUT BEFORE A JURY THE ISSUE OF WHETHER BARKER IS LIABLE UNDER CEPA.
POINT III
CEPA'S WAIVER PROVISION DOES NOT REQUIRE THE DISMISSAL OF PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AND THE FACTS ARE SUFFICIENT FOR THAT CLAIM TO GO TO A JURY.
POINT IV
THE ISSUE OF WHETHER, AND TO WHAT EXTENT, PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES, IS ONE FOR THE TRIER OF FACT AND SHOULD NOT HAVE BEEN DECIDED ON SUMMARY JUDGMENT.
The facts are set forth at length in Judge Sapp-Peterson's written opinion, they need not be repeated here. We have carefully reviewed the entire record and considered the arguments of counsel and find no error in the proceedings. Plaintiff's arguments are devoid of any merit necessitating a written opinion. R. 2:11-3(e)(1)(E). We affirm for the reasons set forth by Judge Sapp-Peterson's written opinion of April 22, 2002.
Affirmed.